IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BERNARD E. BURNS, and | ) | |
| DIANE M. BURNS, | ) | Case No. 3:18-cv-772 |
| | ) | |
| Plaintiffs, | ) | Judge Philip P. Simon |
| | ) | |
| v. | ) | Magistrate Judge Michael George Gotsch Sr. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Memorandum in Opposition to the United States of America's Motion to Dismiss**

The Plaintiffs request that this Court deny the United States of America's[1] Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). The Plaintiffs owed nothing to the Government for the relevant tax period prior to filing their administrative refund claim. The refund claim assessed an additional self-employment tax under 26 U.S.C. § 1401; but this Court may resolve the Plaintiffs' claim to a refund of the federal income tax under 26 U.S.C. § 1, which has always been fully paid. Moreover, because the credits claimed on the amended return exceed the amount of tax assessed via the amended return, the Plaintiffs have fully paid all income taxes for the relevant tax period. This Court therefore has the necessary jurisdiction to hear this case under 28 U.S.C. § 1346(a)(1).

## I.    Introduction

Owing nothing to the Government for tax year 2014, the Plaintiffs requested a refund of $6,948 from the Internal Revenue Service ("IRS"). The refund was premised upon three changes

---

[1] Referred to throughout as "the Government" or "Defendant".

to Plaintiffs' 2014 federal income tax return: (1) an increase to the Child Tax Credit under 26

U.S.C. § 24; (2) an increase to the Earned Income Credit under 26 U.S.C. § 32; and (3) an

increase to the self-employment tax under 26 U.S.C. § 1401.

The Government did not issue the requested refund. Instead, it cherry-picked the one item

on the amended return that, standing alone, would cause an increase in tax: the additional self-

employment tax. The Government ignored the claimed refund, failed to notify Plaintiffs of any

questions, concerns, or problems that it saw with the claimed tax credits, sent the Plaintiffs a bill

for the self-employment tax, and—to date—has not acted on the claimed refund. The

Government provided no opportunity for the Plaintiffs to dispute the effective denial of these tax

credits. Because the Government failed to act on the claimed refund, the Plaintiffs filed suit in

this Court as authorized under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. §§ 6532(a)(1), 7422.

Now the Government seeks to deny the Plaintiffs their right to dispute their entitlement to

the claimed tax credits before this Court. It argues that this Court lacks jurisdiction under 28

U.S.C. § 1346(a)(1) and *Flora v. United States*, 362 U.S. 145 (1960), because the Plaintiffs have

not paid an undisputed, voluntarily assessed self-employment tax—a tax distinct from the one

Plaintiffs here allege has been unlawfully withheld.

This Court should deny the Government's motion. A straightforward interpretation of §

1346(a)(1) and *Flora* suggests that District Courts may adjudicate disputes as to one "internal-

revenue tax", even if others remain unpaid. Moreover, even taking all 2014 taxes together,

Plaintiffs owed nothing to the Government when they requested a refund; rather, that very

Government held and continues to hold funds to which Plaintiffs are entitled. The Plaintiffs are

thus "full-paid": at the time of filing the amended return and this suit, the tax credits claimed on

the return exceeded the amount of additional tax reported on the return.

2

To hold otherwise would cause substantial injustice to taxpayers similarly situated taxpayers. It would encourage the Government to withhold notice and an opportunity to be heard regarding disputed refund claims. Moreover, it would discourage honesty among taxpayers who file amended returns. The Government, simply put, cannot single out its preferred changes on an amended return, ignore the rest, and then bill the taxpayer for the remainder without providing notice and an opportunity to dispute the Government's decision. It surely cannot thereby preclude taxpayers from disputing such a claimed refund in court. While the unpaid tax at issue here is relatively small, one can imagine scenarios where a taxpayer faces a much larger financial hurdle to ever receiving administrative or judicial review of the Government's arbitrary process.[2] Had the taxpayers here not honestly reported a decrease in their self-employment expenses, this purported jurisdictional hurdle would not exist.

For these reasons, this Court should deny the Defendant's motion to dismiss this suit for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## II.   Facts

### a.   The District Court May Properly Look Beyond the Allegations in the Complaint

Defendant's initiation of a factual challenge allows the "district court [to] properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008). Defendant made a factual attack to the court's

---

[2] The Government's actions additionally raise procedural due process implications under the Fifth Amendment. *Cf. Larson v. United States*, 888 F.3d 578 (2d Cir. 2018) (finding no due process violation). The Plaintiffs received no notice reasonably calculated to apprise them of adverse government action; instead, they received—if anything at all—a bill with little information regarding the substantive dispute. Facts ¶ 17-24. Further, unlike the taxpayer in *Larson*, the Plaintiffs here received no opportunity to dispute the IRS's effective determination that they were not entitled to the credits claimed on the amended return. Facts ¶ 19.

subject matter jurisdiction, Doc. 12-1, p. 2-3, and Defendant submitted Exhibit A with its Motion

to Dismiss.[3] Plaintiffs have no objection to this submission as "[t]he presumption of correctness

that [the court] accord[s] to a complaint's allegations falls away on the jurisdictional issue once a

defendant proffers evidence that calls the court's jurisdiction into question." *Commodity Trend*

*Serv., Inc v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998). As such,

this memorandum will also refer to the United States' Exhibit A. Plaintiffs likewise submit

extrinsic evidence to establish subject matter jurisdiction. *See* Exhibit A, Form 1040X for

Bernard Burns and Diane Burns ("Exh. A"); Affidavit of Bernard Burns and Diane Burns, Doc.

13-3 ("Aff.").[4]

### b. Facts Concerning Tax Year 2014[5]

1. Plaintiffs filed their 2014 individual income tax return on April 15, 2015. Doc. 12-2, p. 3.

2. The return reported taxable wages of $11,169; interest income of $10; net business

   income of $2,108; rental income of $1,500; a total gross income of $14,787; an adjusted

   gross income of $12,679; withholdings of $915; self-employment tax of $298; and a

   refund of $617. Complaint ("Comp.") ¶ 17; Doc. 12-2, p.2.

3. Plaintiffs received a $617 refund on or about May 11, 2015. Comp. ¶ 17; Doc. 12-2, p.2.

4. The original return properly claimed Plaintiff's grandchildren J.M. and C.N. as

   dependents under 26 U.S.C. § 152 for tax year 2014. Comp. ¶ 18.

---

[3] This memorandum refers to Defendant's Exhibit A as "Doc. 12-2", to avoid confusion with Plaintiff's attached Exhibit A.

[4] The affidavit submitted supports the Plaintiffs' request to deny Defendant's Motion to Dismiss. In deciding subject matter jurisdiction, "[t]he court may consider affidavits . . . to decide facts that control jurisdictional issues." *John Roe I v. Bridgestone Corp.*, 492 F. Supp. 2d 988, 1008 (S.D. Ind. 2007).

[5] When referred to internally in this brief, these facts will be indicated as "Facts ¶ x."

5. However, Plaintiffs' original return preparer failed to indicate on the return that Plaintiffs qualified for and wished to claim the Earned Income Credit ("EIC") and the Child Tax Credit ("CTC"). Comp. ¶ 19.

6. Plaintiffs did in fact qualify for the EIC and the CTC for tax year 2014. Plaintiffs satisfied all statutory requirements to claim both credits, and both J.M. and C.N. were Plaintiffs' qualifying children in tax year 2014 pursuant to 26 U.S.C. §§ 24, 32, 152. Comp. ¶ 20.

7. To claim the refund of income taxes, Plaintiffs filed an amended return on or about April 11, 2016. Doc. 12-2, p. 3.

8. At the time Plaintiffs filed the amended return, there was no outstanding tax liability for tax year 2014. Doc. 12-2, p.3.

9. The amended return reported a $1,889 decrease in adjusted gross income, reported $70 in additional self-employment tax, claimed the EITC in the amount of $5,430, and claimed the CTC in the amount of $1,588. Comp. ¶ 22.

10. The amended return accordingly claimed a refund in the amount of $6,948. Comp. ¶ 23.

11. Contrary to the Defendant's implication, *see* Doc. 12-1 at p. 5, the IRS does not inform taxpayers to send "proper substantiating documents" to support items claimed on a Form 1040X. *See* IRS, *Instructions for Form 1040X* (Rev. Jan. 2018), *available at* https://www.irs.gov/pub/irs-pdf/i1040x.pdf.

12. Rather, the IRS instructions require taxpayers claiming the Earned Income Credit and Child Tax Credit to include appropriate IRS published schedules, detailing the calculation and reason for the taxpayers' entitlement to those credits. *See id.* at 11.

13. The Plaintiffs included all required tax schedules with their Form 1040X. Plaintiffs attach, as Exhibit A, a copy of the amended return and all supporting schedules to this response. *See* Exhibit A.

14. This return served as a timely filed claim for refund, because it was filed within three years of the due date of a 2014 income tax return pursuant to 26 U.S.C. §§ 7422(a), 6511. Comp. ¶ 24.

15. The amended return was recorded as filed by the IRS on or about April 11, 2016 and the claim was forwarded for processing. Doc. 12-2, p. 3.

16. On or about May 30, 2016, the IRS assessed Plaintiffs the additional $70 in self-employment tax and sent a Statutory Notice of Balance Due. Doc. 12-2, p. 3.

17. Plaintiffs did not receive any notice of disallowance by certified or registered mail regarding the refund claim in the 2014 amended return. Aff., ¶ 9.

18. Plaintiffs never received a right to challenge the denial of the 2014 credits, administratively or otherwise. Aff., ¶ 12.

19. Contrary to the Defendant's assertion, *see* Doc. 12-1 at ¶ 5, the IRS never notified Plaintiffs that additional documentation was required to substantiate the claimed refundable tax credits. Aff. ¶ 12. The documents submitted with the Defendant's Motion to Dismiss provide no record of such notification.

20. Contrary to the Defendant's assertion, *see* Doc. 12-1 at ¶ 6, the IRS never sent Plaintiffs a notice "confirming that the refund had not been allowed." Aff. ¶ 12.

21. The "Statutory Notice of Balance Due" that the IRS allegedly sent, *see* Doc. 12-2 at p. 3, is entitled "statutory" because it satisfies the IRS's obligation under 26 U.S.C. § 6303 to issue notice and demand for payment before proceeding with collection. This notice is

ordinarily the IRS Notice CP14. *See* Memorandum from Mitchel S. Hyman to Cynthia

Vassilowitch (Aug. 3, 2011) at 3, *available at* https://www.irs.gov/pub/lanoa/pmta_2011-

25.pdf (explaining that the IRS regularly issues a CP14 Notice after a tax assessment with

a balance due).

22. The CP14 Notice informs the taxpayer only that a tax is owed to the IRS. It is a general,

computer-generated notice that provides no information as to the substance of any

underlying tax dispute, other than the tax type and tax year. *See* IRS.gov, *Understanding*

*your CP14 Notice*, https://www.irs.gov/individuals/understanding-your-cp14-notice (last

updated Nov. 5, 2018); *see also* CP14 Sample,

https://www.irs.gov/pub/notices/cp14_english.pdf (last visited Feb. 14, 2019).

23. The "Annual Notice of Balance Due" that the IRS allegedly sent, *see* Doc. 12-2 at p. 3, is

likely the IRS Notice CP71, Annual Reminder Notice. Like the CP 14 Notice, it fails to

inform taxpayers of the substance of any underlying tax dispute, other than the tax type

and tax year. *See* IRS.gov, *Understanding Your CP71 Notice*, https://www.irs.gov/

individuals/understanding-your-cp71-notice (last updated Feb. 6, 2019); *see also* CP71

Notice Sample, *available at* https://www.irs.gov/pub/notices/cp71_english.pdf (last

visited Feb. 14, 2019).

24. Contrary to Defendant's assertion, *see* Doc. 12-1, p. 6, the IRS never sent a "Statutory

Notice of Deficiency", nor is any "deficiency" at issue in this case. The Brief in Support

of Defendant's Motion to Dismiss confuses a tax "deficiency", *see* 26 U.S.C. § 6211,

with a balance due. The IRS never determined a deficiency in Plaintiffs' 2014 income

taxes. If it had, the IRS would have needed to issue a Statutory Notice of Deficiency to

assess the resulting amount of tax. *See* 26 U.S.C. § 6212. The Defendant's evidence

submitted in support of its Motion to Dismiss bears no record of such notice. See Doc.

12-2, p. 3.

### III.    Argument

Defendant has moved to dismiss this Complaint under Fed. R. Civ. P. 12(b)(1).

According to the doctrine of sovereign immunity, the United States may only be sued with its

consent. *United States v. Dalm*, 494 U.S. 596 (1990). However, this court has jurisdiction over

this matter pursuant to 28 U.S.C. § 1346, which gives District Courts jurisdiction of "[a]ny civil

action against the United States for the recovery of any internal-revenue tax alleged to have been

erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a)(1). In *Flora v. United States*,

362 U.S. 145, 149 (1960),[6] the Supreme Court clarified that for a District Court to have subject

matter jurisdiction, the taxpayer must have paid "the entire amount of an assessment."

But *Flora* does not control here because the facts of this case are unique. Neither this

Court nor the Seventh Circuit have addressed this issue. Plaintiffs satisfied the tax liability

assessed on their original return with withholding credits. Later, Plaintiffs filed an amended

return that (1) reported a new tax assessment, which (2) was offset by the claimed refundable

credits on the amended return. *Cf. Bell Capital Mgmt., Inc. v. United States*, 100 A.F.T.R.2d

2007-6484, at *2007-6487 (N.D. Ga. Oct. 9, 2007) (denying jurisdiction where, prior to a

deficiency assessment, taxpayer filed an amended return self-assessing half of the proposed

deficiency, paying it, and seeking a refund of that half ); *Horne v. United States*, 519 F.2d 51

(5th Cir. 1975) (denying jurisdiction where plaintiff filed an amended return subsequent to

receiving a Notice of Deficiency but prior to making full payment of the deficiency); *Miskovsky*

*v. United States*, 414 F.2d 954 (3d Cir. 1969) (denying jurisdiction where plaintiff filed an

---

[6] *Flora* consisted of two cases in the Supreme Court: the initial hearing, 357 U.S. 63 (1958) (*"Flora I"*) and the rehearing in 362 U.S. 145 (1960) (*"Flora II"*).

amended return claiming a refund after the IRS made a deficiency assessment, but prior to fully paying that assessment). Here, Plaintiffs' employers withheld enough tax that at the time of filing their original return, Plaintiffs had already satisfied all tax liabilities and received an initial refund. Facts ¶ 2. Further, Plaintiffs self-reported and *do not* dispute the $70 self-employment tax assessment. Facts ¶ 9. Rather, Plaintiffs solely dispute the denial of rightfully claimed credits, to which no unpaid assessment was tied at the time of filing the amended return or this suit.

### a. Applicable Law

District Courts have original jurisdiction over "any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . ." 28 U.S.C. § 1346(a)(1). Since 1960, the full payment rule of *Flora v. United States* has required taxpayers, under the auspices of § 1346(a)(1), to fully pay a tax assessment before litigating the propriety of that assessment in District Court.

But *Flora* is no simple matter of "pay first and litigate later", as Defendant suggests. The IRS administers many "internal-revenue tax[es]" which may properly be subject to a refund suit in the District Courts if the Government erroneously or illegally assesses or collects such taxes. A taxpayer may owe one tax for a given tax period, yet may litigate a refund dispute in District Court on another. *See* 26 U.S.C. §§ 1 (individual income tax), 11 (corporate income tax), 55 (alternative minimum tax), 59A (base erosion and anti-abuse tax), 1401 (tax on self-employment income), 1411 (additional Medicare tax), 2001 *et seq.* (estate, gift, and generation-skipping transfer taxes), 3101 *et seq.* (Social Security, Medicare, unemployment, and other employment taxes), 4001 *et seq.* (miscellaneous excise taxes), 5001 *et seq.* (excise taxes on alcohol, tobacco, and other transactions). Similarly, *Flora* provides no barrier to tax refund suits where a taxpayer has fully paid one tax period, but owes the government on another. *See* 26 U.S.C. § 6402(a)

(authorizing offset of overpayments between tax liabilities). Applying *Flora* therefore requires understanding the underlying concepts in federal tax procedure of tax assessments, tax credits, overpayments, and refunds.

A tax assessment occurs when the IRS records the name, taxpayer identification number, tax type, and tax amount in its records. 26 U.S.C. § 6203(a)(1); 26 C.F.R. § 301.6203-1. Assessments primarily arise when taxpayers file tax returns with the IRS ("Summary Assessments") and when the IRS audits taxpayers ("Deficiency Assessments"). *See* 26 U.S.C. §§ 6201(a)(1), 6211. After assessment, the IRS may begin to use its administrative collection procedures to collect the tax if the taxpayer does not report sufficient refundable tax credits to cover the tax assessment, or otherwise fails to pay voluntarily.[7] *See generally* 26 U.S.C. § 6301 *et seq*.

Taxpayers may also qualify to claim certain tax credits for a particular tax period. *See generally* 26 U.S.C. § 21 *et seq.* These credits offset any taxes assessed, such that the taxpayer need only pay the IRS the amount of the tax assessment less the credits. In the case of individual taxpayers, some credits, including the credits for tax withheld on wages (26 U.S.C. § 31), the Earned Income Credit (26 U.S.C. § 32) and the Child Tax Credit (26 U.S.C. § 24) are "refundable credits". The amount of a refundable credit may exceed the tax assessment, such that taxpayers may claim a refund from the IRS. These refundable credits offset all individual income taxes, including the income tax under 26 U.S.C. § 1 and the self-employment tax under 26

---

[7] The Brief in Support of Defendant's Motion to Dismiss misunderstands the nature of a tax assessment. *See* Doc. 12-1 at ¶ 5. An assessment of tax occurs without respect to the calculation of refundable tax credits or cash payments. *See* 26 U.S.C. § 6201(a)(1); *see also* Doc. 12-2, p. 3 (noting a tax *assessment* of $298 on April 15, 2015, along with a withholding credit of $915, resulting in a refund of $617). As such, the IRS did not assess Plaintiffs' tax liability because they failed to *pay* the $70 of self-employment tax showing on the return; it did so simply because the amended return showed $70 as self-employment tax.

U.S.C. § 1401. In contrast, other "non-refundable credits" are limited to offsetting the taxpayer's "regular tax liability," defined as the tax imposed under 26 U.S.C. § 1. *See* 26 U.S.C. § 26(b)(1).

If in a particular tax period the amount of tax credits, taken together, exceeds the amount of an assessment, the Internal Revenue Code ("Code") treats this excess as an "overpayment." *See* 26 U.S.C. § 6401(b)(1). An overpayment may also exist, even if no tax assessment exists, because the taxpayer has no tax liability for a particular year. 26 U.S.C. § 6401(c). Taxpayers may request a refund of such an overpayment, and, outside of IRS audits, must do so on the appropriate tax return. 26 C.F.R. § 301.6402-2(c). Taxpayers must use Form 1040X to request a refund of individual income taxes. *Id.* § 301.6402-3(a)(2). Taxpayers must file such administrative refund claims within three years of when the original tax return was filed. 26 U.S.C. § 6511(a).

In *Flora*, the taxpayer filed an original return that reported ordinary losses. The IRS audited the taxpayer, issued a Notice of Deficiency, and made a deficiency assessment once Flora failed to file a case in the U.S. Tax Court. *Flora II*, 362 U.S. at 147. The assessment arose because the IRS determined that Flora's losses were capital, rather than ordinary. *Id.* Flora then paid the deficiency assessment in part and sued for a refund, along with abatement of the remaining assessment. *Id.*

The District Court in *Flora* held that it lacked subject matter jurisdiction because Flora had failed to pay the full deficiency assessment. *Flora I*, 357 U.S. at 64.  The Tenth Circuit agreed, but the Supreme Court granted *certiorari* to resolve a circuit split between the Tenth Circuit and the decision in *Bushmaier v. United States*, 230 F.2d 146 (8th Cir. 1960) (holding that a partial payment of income taxes conferred jurisdiction on a District Court under 28 U.S.C. § 1346(a)(1)).

11

The Supreme Court held that, under 28 U.S.C. § 1346(a)(1), partial payment of the deficiency assessment resulting from an alleged misclassification of capital losses did not establish subject matter jurisdiction to sue for a refund. *Flora I*, 357 U.S. at 75-76. The Court cited *Cheatham v. United States*, 92 U.S. 85 (1875) as standing for the proposition that "the statutes of that time [required] full payment of an assessed tax as a condition precedent to the right to sue the collector for a refund." *Id.* at 68. The *Flora I* court found that § 1346(a)(1) was sufficiently similar to the statute at issue in *Cheatham*, and critically, relied on the government's statement that no cases existed, prior to 1940, where a court heard refund suits without full payment of tax assessments. *Id.* at 69. But the government's statement was incorrect, and so Flora moved for rehearing.

On rehearing, the Court issued a divided opinion affirming the holding in *Flora I*. It justified this result as a textual matter, but did not do so through textual analysis, or even through resort to the legislative history of § 1346(a)(1). Indeed, the Court was "presented with a vexing situation—statutory language which is inconclusive and legislative history which is irrelevant." *Flora II*, 362 U.S. at 152. The statutory language was ambiguous, as the phrase "any internal-revenue tax" might refer to *any* amount of tax, or an entire tax assessment. *Id.* at 149; 28 U.S.C. § 1346(a)(1). The Court justified its decision through resort to the legislative history behind other ancillary laws in tax procedure, such as the establishment of the Board of Tax Appeals (now the United States Tax Court), the Declaratory Judgment Act, and 26 U.S.C. § 7422(e). *Flora II*, 362 U.S. at 157-58. This history, according to the Court, evidenced a Congressional assumption that 28 U.S.C. § 1346(a)(1) requires full payment of a tax assessment to impart jurisdiction on a refund suit. Thus any "internal-revenue tax" sought to be litigated in the District Courts had to be fully paid.

The Court primarily analyzed the legislative history behind the BTA, which as the U.S. Tax Court does today, provided taxpayers with a judicial forum for challenging an asserted IRS liability pre-assessment and pre-payment. Revenue Act of 1924, Pub. L. No. 68-176, § 900, 43 Stat. 253, 336-38. The Court cited Congressional statements noting the hardship of post-payment litigation as justifying enactment of the BTA. *See Flora II*, 362 U.S. at 161, n.24. Similarly, the Court found the legislative history behind amendments to the Declaratory Judgment Act and 26 U.S.C. § 7422(e) all presumed that payment of an assessed tax must occur prior to disputing that tax in District Court. *Id.* at 164-67. Finally, the Court noted that a taxpayer's ability to litigate a tax dispute in the BTA would mitigate the harsh results of the full-payment rule. *Id.*

At its core, however, *Flora II* is a decision about statutory interpretation. Faced with ambiguous language, the Court resorted to legislative history to determine the meaning of "any internal-revenue tax". 28 U.S.C. § 1346(a)(1). That history, the Court determined, made it more likely that Congress intended the language to mean that the entirety of a tax must be paid for jurisdiction to arise. In Flora's case, this meant paying the entire deficiency assessment relevant to the dispute at hand.

The present case is unlike *Flora*. Plaintiffs here have never owed tax under 26 U.S.C. § 1 for 2014. They claimed refundable credits[8] that offset this tax, causing an overpayment, which they claimed as a refund. They were never audited or received a deficiency assessment. Indeed, they never became subject to a tax assessment until the Government ignored their claimed refundable credits in the amended return. While the Plaintiffs owe a tax under 26 U.S.C. § 1401, this is a separate tax, which Plaintiffs do not dispute in this Court. Plaintiffs acknowledge the Government may offset their refund against this tax. Moreover, because the refundable credits

---

[8] When *Flora* was decided, refundable credits based on social welfare aims, such as today's Earned Income Credit and Child Tax Credit, did not exist.

13

claimed on the amended return exceed the additional tax assessed on the same return, Plaintiffs have fully paid the relevant income tax they seek here to dispute. This case is indeed nothing like *Flora*; the statutory language that *Flora* interpreted imparts this Court with jurisdiction to adjudicate a refund suit in this distinct procedural setting.

> **b. This Court has Jurisdiction Over the Plaintiffs' Overpaid Tax Under 26 U.S.C. § 1, Notwithstanding an Unpaid, Uncontested Self-Employment Tax Under 26 U.S.C. § 1401**

This Court has jurisdiction to hear this case on the merits because the Plaintiffs had fully paid their 2014 federal income tax under 26 U.S.C. § 1 when they filed their Complaint. Indeed, they never had any tax liability under § 1. *See* Exh. A., p. 2. Plaintiffs do not contest the assessment of the tax under 26 U.S.C. § 1401 ("the self-employment tax"), or the right of Defendant to offset the overpayment under 26 U.S.C. § 1 in satisfaction of the self-employment tax. Indeed, the Plaintiffs voluntarily caused the IRS to assess the self-employment tax by including it on their amended return. Facts ¶ 9. Because the tax under 26 U.S.C. § 1 was fully paid at the time Plaintiffs filed their amended return and when Plaintiffs filed their Complaint, this Court has jurisdiction to decide this case on the merits.

28 U.S.C. § 1346(a)(1) provides this court jurisdiction to hear a dispute concerning "*any* internal-revenue tax . . . alleged to have been erroneously or illegally assessed or collected." (emphasis added). "The term 'any' should be given [a] broad construction under the settled ruled that a statute must, if possible, be construed in such fashion that every word has some operative effect." *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1554 (11th Cir. 1996) (citing *United States v. Nordic Village*, 503 U.S. 30, 36 (1992) (internal citations omitted)). The Plaintiffs have fully paid the tax under 26 U.S.C. § 1, and allege that they have, in fact, overpaid that tax due to the claimed refundable tax credits which, as explained above, reduce that tax below $0 and obligate the Government to refund the difference. Plaintiffs acknowledge that the Defendant may offset

that refund against the self-employment tax currently owing. Nevertheless, this Court may still hear this case and order a refund, subject to the Defendant's right of offset.

The contested credits are analytically distinct from the uncontested self-employment tax assessment. The structure of the Code distinguishes between "Normal Taxes" and "Taxes on Self-Employment Income." Subtitle A, Chapter 1 of the Code is titled "Normal taxes and surtaxes." Both 26 U.S.C. § 24 (Child Tax Credit) and 26 U.S.C. § 32 (Earned Income Tax Credit) fall under Chapter 1. The self-employment tax is found in Chapter 2, Subtitle A of the Code, titled "Tax on Self-Employment Income." Self-employment tax is calculated from self-employment income, which, in turn, is defined as "the net earnings from self-employment derived by an individual . . . during any taxable year." 26 U.S.C. §§ 1401, 1402(b). While both 26 U.S.C. §§ 24 and 32 would also offset the self-employment tax under § 1401, Plaintiffs do not contest their liability for that tax; they agree to it.

*Flora* and its progeny focus on whether taxpayers must fully pay a tax assessment prior to disputing that tax in Court. But where a taxpayer does not seek to dispute that tax in District Court, *Flora* provides no bar to litigating the proper amount of a separately calculated tax, which is subject to offset the undisputed tax. Indeed, the facts in *Flora* are relatively simple: there, the dispute concerned the assessment and partial payment of the tax under 26 U.S.C. § 1, based on a single substantive issue: whether Flora's losses were ordinary or capital. Flora, in turn, did not fully pay his tax under § 1, yet partially paid and sought a refund of that partial payment, along with abatement of the remaining tax due. Here, Plaintiffs have paid the entirety of the § 1 tax disputed in this lawsuit, which is statutorily distinct from the unpaid, undisputed § 1401 taxes.

This is not the first court to address this distinction. In *Moe v. United States*, the plaintiff paid all the assessed self-employment taxes and sought to litigate in District Court for a refund of

income taxes under 26 U.S.C. § 1. *Moe v. United States*, No. CS-96-0672-WFN, 1997 WL 669955 (E.D. Wash June 30, 1997). The *Moe* court acknowledges that requiring payment of the both the § 1 and § 1401 taxes "places form over substance" where the taxes pertinent to the disputed issue were paid. *Id.* at *3. The court also relied on *Shore v. United States*, 9 F.3d 1524 (Fed. Cir. 1993), which allowed the United States Court of Federal Claims to hear a refund suit even though interest on the underlying tax had not been paid. Critically, *Moe* indicated and *Shore* held that where the interest was not itself disputed in the refund claim or in court, it need not be fully paid prior to filing suit. Ultimately, the *Moe* court presumed it had jurisdiction, but dismissed the case under Fed. R. Civ. Pro. 12(b)(6) on unrelated grounds. *See Moe*, 1997 WL 669955, at *4.

Here, Plaintiffs paid all taxes defined in Chapter 1 of the Code. Facts ¶ 2. The facts of this case are the facts of *Moe*, but reversed. Instead of having all the self-employment tax paid, Plaintiffs have paid, in full, all taxes *except* the newly assessed self-employment test. Facts ¶ 8, 9. Plaintiffs do not contest the self-employment tax assessment, which, following the presumption in *Moe*, is distinct for purposes of 28 U.S.C. § 1346(a)(1) from the taxes disputed here. The court should deny Defendant's Motion to Dismiss under the same logic that the *Moe* court presumed jurisdiction. The unpaid self-employment tax is not at issue, and need not be fully paid to establish jurisdiction over the income tax at issue in this case.

### c.   This Court has Jurisdiction Because the Tax Credits Claimed on the Amended Return Exceed the Tax Reported on the Same Return

Regardless of whether the Court treats the taxes under 26 U.S.C. § 1 and 1401 separately for jurisdictional purposes, this Court also has jurisdiction under 28 U.S.C. § 1346(a)(1) because (1) the credits owed to Plaintiffs satisfy the outstanding tax assessment and (2) that assessment was reported on the same return as the refund claim. As noted above, *Flora* does not deal with

16

tax credits and is difficult to analogize to this case. Further, the refundable nature of the Earned Income Credit and Child Tax Credit was not conceived of when *Flora* was decided. Yet such credits should, reasonably construed, constitute payments of tax that can, in circumstances such as in this case, provide jurisdiction for a District Court to adjudicate a substantive dispute as to the taxpayer's entitlement to those credits.

An analogy to the refundable credit on tax withheld on wages further supports this jurisdictional basis. Taxpayers commonly forget to include income and withholding from a Form W-2. Eventually, the taxpayer may notice this and file an amended return, reporting both the additional income—generating additional tax under 26 U.S.C. § 1—and the withholding as a credit under 26 U.S.C. § 31. Say the additional tax amounts to $150 and the additional withholding $200. The amended return would thus serve to (1) assess the additional $150 in tax and (2) claim a refund of the balance: $50. If, as here, the Government (1) assessed the additional $150 in tax, (2) billed the taxpayer for the $150, and (3) remained silent on the refund claim, could the Government earnestly seek dismissal of a refund suit because the taxpayer has failed to fully pay the associated tax assessment?

Flowing from the statutory interpretation analysis underlying *Flora*, the refundable Earned Income Credit and Child Tax Credit should be treated no differently than the withholding credit in the above example. Here, Plaintiffs—unprompted by an IRS Notice of Deficiency— filed an amended return to claim the Child Tax Credit and Earned Income Tax Credit rightfully owed to them. Facts ¶ 7. The $7,018 of credits claimed far exceeds the self-assessed $70 self-employment tax. Facts ¶ 10. Because the $6,948 ($7,018, subject to the Government's right of offset against the $70 of self-employment tax) has not yet been refunded to Plaintiffs, the IRS retains money rightfully belonging to Plaintiffs. Whether that money is *actually* paid through the

17

withholding credit or is *deemed* paid as with the Earned Income Credit and Child Tax Credit, the result should not vary. In turn, because the IRS already has $7,018 owed to Plaintiffs, and Plaintiffs' new self-employment assessment is only $70, the Plaintiffs have fully paid under *Flora*.

This case is unlike other cases in which taxpayers have attempted to generate a jurisdictional hook following IRS notification of a pending deficiency assessment, or following a summary assessment on an original tax return that generated a large tax liability. For example, in *Horne v. United States*, 519 F.2d 51, 52 (5th Cir. 1975), the Fifth Circuit admonished the plaintiff's "creative activity" where the taxpayer "amend[ed] his estate tax return after receipt of the deficiency notice to create a claim for a refund and thereby attempt to create jurisdiction in the District Court." After plaintiff filed his original return, the government notified him of a $48,840.89 deficiency. One month later, without making any payments, the plaintiff filed an amended return claiming a $1,330.88 refund. *See Horne*, 519 F.2d at 51. The IRS later assessed the deficiency, as Horne failed to petition the Tax Court for review. Instead, after the deficiency assessment, Horne sought relief in District Court, claiming jurisdiction pursuant to 28 U.S.C. § 1346(a)(1). *See id*. The District Court dismissed for lack of jurisdiction because the plaintiff "attempted to . . . amend his estate tax return after receipt of the deficiency notice to create a claim for a refund and thereby attempt to create jurisdiction in the District Court." *Id.* at 52. The Fifth Circuit affirmed the District Court, calling the action an illegitimate "creative activity." *Id.*

Following *Flora*, courts have also found jurisdiction lacking when the plaintiff files an amended return that claims a refund *subsequent* to an unpaid summary assessment on an original return. The amended return thus seeks abatement of the original tax assessed, along with a refund of some amount of tax already paid. *See, e.g.*, *Miskovsky v. United States*, 414 F.2d 954 (3d Cir.

1969). In *Miskovsky*, the plaintiff gifted a member of his family $180,821. He filed a gift tax return, which reported a gift tax liability of $23,922; the IRS assessed this amount on May 6, 1966. Miskovsky then paid $11,961 of his $23,922 gift tax liability. Almost a year later, Miskovsky filed an amended return, claiming that the gift tax liability should have only been $5,796, resulting in a $6,165 refund claim. The IRS did not accept this return, because it did not then have a procedure for amending gift tax returns. *Id.* at 955-56. The Third Circuit thus held that an amended return cannot change the assessment as originally calculated, if the IRS does not accept the return as such. *Id.* at 956. Therefore, Miskovsky was still required to pay the original gift tax assessment before challenging it in District Court. *Id.*

Here, Plaintiffs satisfied their original assessment through taxes withheld. Facts ¶ 2. This case is distinguishable from *Miskovsky* and *Horne*, because Plaintiffs did not amend their return subsequent to a Notice of Deficiency (*cf. Horne*, 519 F.2d 51) and had no balance due or threat of a deficiency assessment at the time they filed their amended return (*cf. Miskovsky*, 414 F.2d 954 & *Horne*, 519 F.2d 51). Facts ¶ 8. Instead, Plaintiffs had paid all taxes pertaining to the original return and were issued a refund for withholding in excess of liability. Facts ¶ 2. Here, there was no deficiency assessed, threatened deficiency assessment, or balance due on the original return at the time Plaintiffs filed the amended return. Therefore, because the Plaintiffs' claimed refundable credits exceed the additional tax due reported on the concomitant amended return, Plaintiffs may sue for recovery of the internal-revenue tax under 28 U.S.C. § 1346(a)(1).

## IV.     Conclusion

This Court has jurisdiction under 28 U.S.C. § 1346(a)(1) to determine whether Plaintiffs are entitled to a refund of taxes paid under 26 U.S.C. § 1. The Plaintiffs' small balance due of self-employment tax does not defeat jurisdiction. It was assessed when the Government ignored the Plaintiffs' credits claimed on the amended return. Under 28 U.S.C. § 1346(a)(1), it is a separate "internal-revenue tax" from the income tax under 26 U.S.C. § 1. Moreover, viewing the Plaintiffs 2014 income taxes more broadly, they had fully paid these taxes because at the time of filing the amended return, their claimed refundable credits exceeded their reported self-employment tax. For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss the suit for lack of jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1).

Dated: February 15, 2019

Respectfully submitted,

*/s/ Patrick W. Thomas*
PATRICK W. THOMAS
Attorney for Bernard Burns and Diane Burns
Notre Dame Tax Clinic
725 Howard Street
South Bend, IN 46617
Telephone:     (574) 631-9149
Fax:               (574) 631-6725
Email:           pthomas3@nd.edu

## Certificate of Service

I, Patrick W. Thomas, hereby certify that on February 15, 2019, I electronically filed the foregoing document via this Court's ECF system, which will send notice of such filing to all ECF filers. There are no parties that require conventional service.

*/s/ Patrick W. Thomas*
PATRICK W. THOMAS
Attorney for Bernard Burns and Diane Burns
Notre Dame Tax Clinic